## No. 9934.

### RUSSELL v. RUSSELL.

Decided December 5, 1921.

Action for divorce.  Judgment for defendant.

#### Affirmed.

1. APPEAL AND ERROR—*Verdict on Conflicting Evidence.* A verdict based on conflicting testimony, which is supported by the evidence, will not be disturbed on review.

2. *Harmless Error.* Rulings upon questions asked a witness on cross examination, although erroneous, will not constitute

ground for reversal where no substantial prejudice results therefrom.

The same may be said with reference to alleged misconduct of counsel in asking improper questions.

3. DIVORCE AND ALIMONY—*Cruelty—Refusal to Co-habit.* In the absence of proof that the health of the complaining spouse is either injured or threatened, the refusal of the other to co-habit is not legal cruelty.

4. INSTRUCTIONS—*Requested—Given.* The refusal to give a requested instruction will not constitute reversible error, where the law involved is fully covered by a given instruction.

5. DIVORCE AND ALIMONY—*Past Fees and Expenses.* Under the facts of this case it is held that there was no abuse of discretion in the refusal of the court to allow counsel fees and expenses for services performed before the time of application therefor, which was made after the trial, if the court' had jurisdiction to entertain the application.

*Error to the District Court of Las Animas County, Hon. A. F. Hollenbeck, Judge.*

Mr. C. A. IRWIN, for plaintiff in error.

Messrs. HUNTER & BELL, Mr. A. W. MCHENDRIE, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit for divorce, instituted by the wife. The complaint charges cruelty. The defendant husband filed an answer denying the charge, and also a cross-complaint alleging cruelty and other grounds for divorce in his behalf. A trial to a jury resulted in verdicts for defendant as to issues relating to cruelty as raised in the complaint and cross-complaint, respectively, and also a verdict finding plaintiff not guilty of adultery as charged in the cross-complaint. Formal findings of fact and conclusions of law were duly filed, and, in accordance therewith, at the expiration of six months thereafter, a decree of divorce was granted in favor of the defendant. The plaintiff brings the cause here for review.

The first contention of the plaintiff in error, plaintiff below, is that the verdict finding plaintiff guilty of cruelty is not supported by the evidence. The same contention is made with reference to the verdict finding defendant not guilty of cruelty. As to the issues involved in these verdicts, the evidence was conflicting, and as to each verdict we find from the record that there is sufficient evidence to support it.

It is next contended that there was prejudicial misconduct on the part of defendant's counsel in his cross-examination of the plaintiff, and that improper cross-examination was permitted over the objections of plaintiff's counsel. Where the matters now complained of relate to cross-examination for purposes other than to prove adultery, they are not such as to warrant a reversal of the judgment. "Rulings upon questions asked a witness on cross-examination, although erroneous, will not constitute ground for reversal where no substantial prejudice results therefrom." 4 C. J. 968. Where the questions asked related to plaintiff's alleged adultery, they were not, when permitted, prejudicial to plaintiff, since the verdict of the jury found her not guilty of adultery. The same may be said with reference to the alleged misconduct of counsel for defendant in asking the plaintiff the following question:

"Would you be willing to have introduced in evidence here a sworn statement by him (the alleged co-respondent) relative to his relations with you here in Trinidad?"

The court sustained the objection to the question. However, complaint is made of counsel's remarks, in the presence of the jury, concerning the propriety of the question, but since the jury found for the plaintiff on the issue of adultery, no substantial prejudice resulted.

The plaintiff in error further contends that the court erred in refusing to give to the jury her requested instruction as follows:

"Mere refusal of a wife to cohabit with her husband does not constitute legal cruelty."

Assuming that this instruction is not argumentative, it

was appropriate under the pleadings and the evidence in the instant case, and under the rule stated in 19 C. J. 56 that, "in the absence of proof that the health of the complaining spouse is either injured or threatened, the refusal of the other to cohabit is not legal cruelty." However, there was no prejudicial error in refusing the instruction, since the rule above stated is given full operation by Instruction No. 3, given by the court. That instruction reads, in part, as follows:

"In order to entitle a person to a divorce on the ground of cruelty, it is not necessary that actual physical violence shall have been used. To authorize a divorce on the ground of cruelty, the evidence should show that the acts complained of, or some of them, were committed, and that they were of such a character and so committed, that from a continued commission of such acts, danger to life, limb or health would naturally arise to the complaining party."

Under that instruction the jury could not find cruelty from the fact of refusing to cohabit, or from evidence of any other act, in the absence of the further proof that the act complained of endangered life, limb or health. The instruction given was as favorable to plaintiff as the instruction requested and refused.

The last contention of the plaintiff in error is that the court erred in denying her application for counsel fees and expenses earned and incurred prior to such application. In this connection the record shows that the cause was tried to a jury on January 15, 1920; that a motion for a new trial was filed January 29th, and argued and overruled on February 2nd; and, that the findings of fact and conclusions of law were filed on February 9th, 1920. The application for attorney's fees and expenses, denial of which is now complained of, was filed on February 18, 1920, which was after the trial, the proceedings and the events above mentioned.

It is not necessary to determine whether the court had jurisdiction to grant the application which, in the instant case, was for *past* services and expenses. If the court

did have power to do so, it was within its discretion to allow or deny the application, or make some reasonable allowance. The record shows no abuse of discretion. Allowances generally look to the future, and in many jurisdictions no allowance can be had for counsel fees which have been already earned. 19 C. J. 233. The transcript on file in this case shows that on November 25, 1918, the court granted plaintiff the sum of $65 per month as temporary alimony, and required defendant to pay into court the sum of $100 for plaintiff's attorneys. Furthermore, the record does not show what proof, or counter-proof, if any, there was upon the hearing of the last application. We find no error in the court's denying the application.

The judgment is affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE WHITFORD concur.